■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN STEWART, Also Known as GUS, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 21, 1989, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was arrested at an apartment in the City of Kingston in Ulster County following a search of the apartment conducted pursuant to a search warrant issued the previous day, which authorized a search for cocaine, crack cocaine and drug paraphernalia. In an affidavit in support of the search warrant application, a detective of the Kingston Police Department stated that he had received information from a confidential informant who had purchased crack cocaine from a male person named Gus while inside the apartment, and that the informant had also observed Gus selling crack cocaine from a peanut can while standing in front of the apartment. It is further alleged that the informant was "wired" by the police and was observed talking to a Jamaican male he called Gus.

A police raid was made at the premises at 8:55 A.M. on February 7, 1989 to execute the warrant. During the raid, a black male was seen sliding a window of the apartment open and looking to the left and right. Subsequently this individual was observed throwing an object from the window toward a

wooded area below. The black male was later identified as defendant and was known as Gus. The object thrown from the window was recovered by the police. It was a ski cap which contained 166 crack vials. Additional vials were found near the cap. It was later determined that the vials contained 12.82 grams of crack cocaine. A police search of the apartment revealed other vials containing crack cocaine and drug paraphernalia.

Defendant was subsequently indicted for criminal possession of a controlled substance in the third, fourth and fifth degrees, two counts of criminally using drug paraphernalia in the second degree, and criminal possession of a weapon in the fourth degree. The validity of the search warrant was challenged by defendant prior to trial on the basis of *Aguilar v Texas* (378 US 108) and *Spinelli v United States* (393 US 410). County Court upheld the validity of the warrant. At the close of the People's case at trial, the court dismissed all but the first two counts of the indictment. Defendant was acquitted of the first count, but convicted of criminal possession of a controlled substance in the fourth degree.

On his appeal from this conviction, defendant challenges the legality of the search warrant as to the basis of the informant's reliability. The informant related detailed observations of defendant's illegal activity, that he had purchased crack cocaine from a male by the name of Gus on February 6, 1989 and that he had observed defendant selling crack while standing outside his apartment. These facts were from the informant's own description of events personally observed *(see, People v Bigelow,* 66 NY2d 417; *People v Wheatman,* 29 NY2d 337)*. Furthermore, the informant's basis of knowledge was verified by police investigation; the informant was wired by police and the informant's conversation with defendant was monitored. During this monitoring, defendant was identified as Gus and Gus was overheard to tell the informant "he would deal with him when he was outside". Such personal observations of the informant, which were subsequently verified by the police, sufficiently established the informant's knowledge and reliability *(see, People v Elwell,* 50 NY2d 231; *People v Ruffo,* 161 AD2d 894, *lv denied* 76 NY2d 864). There was, therefore, probable cause to support the issuance of the search warrant.

We have examined defendant's next claim, that the tactics of the prosecution combined with the actions of County Court deprived defendant of a fair trial, and find this claim to be completely lacking in merit. Defendant's last contention in-

volves the excessiveness of the sentence imposed. Defendant was sentenced to an indeterminate prison term of 4 to 12 years upon his conviction of criminal possession of a controlled substance in the fourth degree. We note that the sentence is less than the 5- to 15-year sentence permitted for a class C felony. Considering the circumstances in which defendant was arrested, the amount of crack cocaine involved and the detrimental effect that such drug has on today's society, the sentence was appropriate.

Weiss, Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.