UNITED STATES of America, Appellee,

v.

Guillermo ARANGO, Defendant–Appellant.

No. 1500, Docket 92–1050.

United States Court of Appeals, Second Circuit.

Argued May 7, 1992.

Decided June 2, 1992.

Mark B. Gombiner, New York City, Legal Aid Soc., Federal Defender Services Appeals Unit, for defendant-appellant.

Edward T. Mechmann, Brooklyn, N.Y., Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y. and Susan Corkery, Asst. U.S. Atty., of counsel), for appellee.

Before: FEINBERG and McLAUGHLIN, Circuit Judges, McAVOY, District Judge.*

FEINBERG, Circuit Judge:

Guillermo Arango appeals from a judgment of conviction in the United States District Court for the Eastern District of New York, John R. Bartels, J., after a plea of guilty to possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). Arango was sentenced to 63 months in prison and three years of supervised release. He contends that he pled guilty to possessing only one kilogram of cocaine but that his sentence was erroneously based on an additional four kilograms obtained in an illegal search and seizure. Arango argues that the district court erred in refusing to hold a sentencing hearing to determine whether the evidence was illegally seized and whether the seizure was made for the express purpose of sentence enhancement. For the reasons stated below, we affirm.

## I. Background

In November 1990, a confidential informant arranged to buy two kilograms of cocaine from Arango's co-defendants. The informant met the co-defendants in an apartment where he was shown one kilogram of cocaine. The co-defendants told the informant that another kilogram would arrive later. Thereafter, Arango arrived in a van, removed a package containing one kilogram of cocaine from the rear of the van and delivered the package to the apartment. Drug Enforcement Administration (DEA) agents then entered the apartment and arrested Arango and his co-defendants. The agents subsequently recovered an additional four kilograms of cocaine from Arango's van.

On March 28, 1991, Arango agreed to a Stipulation of Facts for Sentencing, which stated that he took one kilogram of cocaine into the apartment and that "[f]our additional kilos were later found in Arango's van." The Stipulation also stated that "[t]he government has no evidence of the source" of the one kilogram that had been shown to the informant before Arango arrived at the apartment. Thereafter, on the same day, Arango pled guilty to a one-count superseding information, charging him with possession of an unspecified amount of cocaine with intent to distribute. At no time prior to his plea did Arango move to suppress the four kilograms of cocaine found in his van.

After receiving a copy of the presentence report, which stated that five kilograms of cocaine were involved in Arango's offense, Arango submitted a letter to the district court in September 1991 challenging various aspects of the presentence report. Arango argued that the court should, in its discretion, not consider the cocaine found in his van because it was seized in violation of the Fourth Amendment. In December 1991, the government objected by letter to what it characterized as Arango's untimely attempt to move to suppress the cocaine seized from the van. Alternatively, the government argued that Arango had to show that the agents seized the cocaine with the express purpose of improperly influencing the sentencing judge.

At sentencing in January 1992, Arango again claimed that the court had the discretion to, and should, ignore the four kilograms found in the van. The government argued that the court had to consider the four kilograms even if the evidence was illegally seized, unless Arango could show that the agents seized the cocaine with the intent of improperly influencing the court in imposing a sentence, which it maintained Arango had failed to do. On this claim, Arango argued that if he raised a "colorable issue" as to the agents' intent, then an evidentiary hearing was required. In support of his position, Arango's counsel claimed that all DEA agents know that the heavier the weight of the drugs seized, the longer the sentence.

Judge Bartels rejected Arango's request to hold an evidentiary hearing and sentenced Arango based on a finding that the

---

* Honorable Thomas J. McAvoy, United States District Judge for the Northern District of New York, sitting by designation.

offense involved five kilograms of cocaine. This appeal followed.

## II. Discussion

On appeal, Arango renews his argument that the district court was required to hold an evidentiary hearing to determine whether the cocaine from the van was seized illegally for the express purpose of enhancing his sentence. Arango relies on a recent opinion of this court, *United States v. Tejada*, 956 F.2d 1256 (2d Cir.1992), which was decided a month after he was sentenced. *Tejada* held that "[a]bsent a showing that officers obtained evidence expressly to enhance a sentence, a district judge may not refuse to consider relevant evidence at sentencing, even if that evidence has been seized in violation of the Fourth Amendment." Id. at 1263.

Arango contends that *Tejada* focuses solely on the intent of the officers in illegally seizing evidence, and that the only way to determine the officers' intent is to question them. Therefore, an evidentiary hearing is required. Arango points out that the determination of whether the Fourth Amendment has been violated turns on objective facts such as whether there were sufficient facts for finding probable cause. Arango maintains that unlike that objective inquiry, determining motive is a purely subjective inquiry. Therefore, his argument proceeds, a defendant will be unable to make the type of preliminary showing ordinarily required to obtain an evidentiary hearing and will only be able to make general allegations. But see *Wade v. United States*, —— U.S. ——, ——, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (U.S.1992) ("generalized allegations of improper motive" insufficient to require discovery or an evidentiary hearing at sentencing to show prosecutor's refusal to file a substantial-assistance motion was based on an unconstitutional motive).

Arango further argues that even if a suppression hearing had been held prior to his guilty plea, the relevant issue for sentencing—whether the agents searched the van with the purpose of enhancing Arango's sentence—would not have been reached. He contends that the sole issue at the suppression hearing would have been whether the agents had probable cause for the warrantless search of the van; the agents' *subjective* motives for searching the van would not have been relevant. Thus, Arango argues, the district court would have still found it necessary at sentencing to determine the agents' motives.

Arango's argument overlooks an important prerequisite to obtaining a hearing on the agents' subjective intent in searching the van. Arango first had to establish that the search of the van violated the Fourth Amendment. By pleading guilty, however, Arango waived his right to object to the constitutionality of the search of the van. See *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) (guilty plea ordinarily waives constitutional claims relating to deprivation of rights occurring prior to the guilty plea); *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir.) (guilty plea waives all non-jurisdictional defects), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). Thus, we reject Arango's claim that his sentence should be vacated and the case remanded in order for the district court to conduct an evidentiary hearing.

Arango could conceivably argue—although it is unclear whether he does so—that because he did not know that the four kilograms of cocaine seized from the van were at issue, his plea of guilty was unknowing and therefore could not have constituted a valid waiver. Before pleading guilty, however, Arango signed the Stipulation of Facts for Sentencing, which stated that "[f]our additional kilos were later found in Arango's van." The title of the Stipulation made clear that its purpose was to bring facts to the attention of the court for the purpose of sentencing. Thus, it must have been clear to Arango that the government would at least argue that the four kilograms could be taken into account by the district court at sentencing. Otherwise, the Stipulation would not have referred to the four kilograms at all. The Stipulation also made clear that "[t]he government has no evidence of the source"

of the one kilogram of cocaine that was shown to the informant before Arango arrived at the apartment. This statement suggests that Arango knew how to prevent particular cocaine from being considered in calculating his sentence.

Arango appears to argue that his guilty plea could not have constituted a valid waiver because *Tejada* had not yet been decided at the time he pled guilty or even at the time of his sentencing. Although Arango is correct about the chronology, it was undisputed even before *Tejada* was decided that Arango could not object to consideration at sentencing of the cocaine seized from the van if, as an initial matter, the search of the van did not violate the Fourth Amendment.

In addition, on the precise issue that concerns us here, *Tejada* simply affirmed pre-guidelines law concerning the use of illegally seized evidence at sentencing. In *United States v. Schipani*, 435 F.2d 26, 28 (2d Cir.1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971), a pre-guidelines case, this court held that "[w]here illegally seized evidence is reliable and it is clear, as here, that it was not gathered for the express purpose of improperly influencing the sentencing judge, there is no error in using it in connection with fixing sentence." *Tejada* added that a district court may not refuse to use illegally seized evidence in determining a sentence under the Guidelines. 956 F.2d at 1263. As in *Schipani*, however, *Tejada* made an exception for illegally seized evidence that was obtained for the express purpose of enhancing a sentence. *Id.*

Arango also contends that prior to pleading guilty, he had no reason to challenge the constitutionality of the seizure of the four kilograms of cocaine from his van. He admitted at the plea allocution that he possessed the one kilogram of cocaine that he had delivered to the apartment, and, he notes, this one kilogram unquestionably was legally obtained by the agents. Thus, Arango argues, the only reason to have sought a suppression hearing before pleading guilty would have been to challenge the inclusion of the four kilograms seized from his van in calculating his guidelines sentence.

We agree that this is so. But we fail to see why, as Arango claims, it would therefore have been "nonsensical" to bring his motion. Arango should have known that if he failed to move to suppress, he would not later be able to challenge the legality of the evidence of the four kilograms for any purpose, particularly when it was specifically referred to in the Stipulation. The obvious need to prevent consideration of the four kilograms at sentencing was reason enough to move to suppress the evidence before pleading guilty.

We do not believe that this procedure should cause any difficulty in the future. If a defendant moves to suppress evidence before pleading guilty, and a sufficient threshold showing is made to justify a suppression hearing on the issue of the legality of the seizure of the evidence, then the court at the hearing should determine (1) whether the evidence was seized illegally *and*, if it was, (2) whether the officers seized the evidence with the intent to enhance the defendant's sentence, if the defendant requests such a finding.

The judgment of conviction is affirmed.