■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL D. BAKKER, Appellant.—Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered January 16, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

We find that probable cause supported the issuance of the search warrant. While County Court, in determining the suppression motion, should not have considered evidence beyond that presented in the application for the search warrant and its supporting papers *(see, People v Edwards,* 69 NY2d 814), this Court may make its own determination as to the existence of probable cause to support the search warrant *(see, People v Burks,* 134 AD2d 604). Here, the application was supported by an affidavit of a police officer indicating that information was supplied by two confidential informants. The reliability of the informants was established by the averment in the affidavit that they had been utilized in the past and had provided accurate information and by the fact that police investigation corroborated some of the details provided by the informants relating to the vehicle to be used by defendant *(see, People v Coston,* 170 AD2d 773, 775). Further, the attesting police officer listened to a telephone conversation between one of the informants and a person whom the police officer identified as defendant discussing the sale of marihuana. This corroboration of defendant's criminal activity by police observation was sufficient to establish the basis of the informant's knowledge *(see, People v Stewart,* 176 AD2d 1098, 1099, *lv denied* 79 NY2d 833). Thus, the requirements of the two-prong *Aguilar-Spinelli* test were met.

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Crew III, concur. Ordered that the judgment is affirmed.