■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WANTU A. ACKERMAN, Appellant. [654 NYS2d 876] —Crew III, J. Appeal from a judgment of the Supreme Court of Albany County (Lamont, J.), rendered March 22, 1996, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

In April 1995, members of the Special Investigations Unit of

---

* Petitioner pleaded guilty to refusing a direct order and was found not guilty of being out of place.

the Albany City Police Department (hereinafter SIU) received a tip from a confidential informant that defendant was keeping quantities of crack cocaine in his basement apartment at 26 Dana Avenue in the City of Albany and was selling cocaine in and around the area of his residence. The informant agreed to cooperate with SIU and, under its supervision, set up a controlled buy. Although the controlled buy did not take place at defendant's residence, SIU officers observed defendant leave this address immediately before meeting the informant and return there immediately after the sale. Based upon this information and their personal observations, SIU detectives James Lyman and Thomas Fitzpatrick obtained a no-knock, all-hours search warrant covering defendant's home. Execution of the warrant resulted in the recovery of, among other things, crack cocaine, drug paraphernalia, the buy money and a gun, and defendant thereafter was arrested and indicted for various drug-related crimes. Following a hearing, County Court denied defendant's motion to suppress the physical evidence seized pursuant to the warrant and, after the matter was transferred to Supreme Court, defendant pleaded guilty to a single count of criminal possession of a controlled substance in the fourth degree and was sentenced to a prison term of $2^1/_2$ to $7^1/_2$ years.

On this appeal, defendant challenges the denial of his motion to suppress the physical evidence found pursuant to the search warrant. Specifically, defendant argues that although the warrant expressly authorized a no-knock, all-hours search, the warrant was defective because the application in support thereof neither requested a no-knock, all-hours search nor averred facts sufficient to justify granting such a warrant. We do not agree.

Initially, the warrant application specifically requested that the search warrant be made executable at any time of the day or night and that it authorize a search of the premises without giving notice of authority and purpose (see, CPL 690.35 [4] [a], [b]). As to the justification for the warrant, Lyman and Fitzpatrick averred that the all-hours execution of the warrant was necessary because the property sought as evidence could be removed, destroyed or disposed of if not seized forthwith (see, CPL 690.35 [4] [a] [ii]; People v Williams, 220 AD2d 711, lv denied 87 NY2d 1027; People v Conklin, 139 AD2d 156, lv denied 72 NY2d 1044). Lyman and Fitzpatrick further averred that prior notice of the executing officers' authority and purpose could result in the destruction or disposal of the drugs sought to be seized (see, CPL 690.35 [4] [b] [i]; People v Roxby, 224 AD2d 864, 865, lv denied 88 NY2d 884) or might endanger

the life or safety of the executing officers (*see,* CPL 690.35 [4] [b] [ii]; *People v Israel,* 161 AD2d 730, 731). As the application as a whole sets forth sufficient facts to justify the issuance of a no-knock, all-hours warrant under these circumstances, we reject defendant's challenge in this regard.

· We also find that the application underlying the warrant was sufficient when viewed under the *Aguilar/Spinelli* test, which requires that the People make a reasonable showing that the undisclosed informant was reliable and had a basis of knowledge (*see, People v Griminger,* 71 NY2d 635, 639). The informant's reliability was established by the observations made by Lyman and SIU officers during the controlled buy; specifically, defendant was observed leaving 26 Dana Avenue, walking to the prearranged meeting place, meeting the informant, selling him a quantity of crack cocaine and then walking directly back to that address, which indisputably was his residence (*see, People v Davenport,* 231 AD2d 809; *People v Miner,* 126 AD2d 798; *see also, People v Brandon,* 38 NY2d 814). Further, Lyman averred that he witnessed a telephone call made by the informant to defendant, at a telephone number defendant personally had given SIU in the past, and was present during a conversation wherein the informant successfully set up a meeting with defendant to purchase drugs. We find that this corroboration of defendant's criminal activity by police observation was sufficient to establish the basis of the informant's knowledge (*see, People v Bakker,* 186 AD2d 337). We have reviewed defendant's remaining contention and find it to be without merit.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.