■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH MIDDLETON, JR., Appellant. [725 NYS2d 701] —Mercure, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered September 10, 1999, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

A search of defendant's residence in the Village of Dryden, Tompkins County, conducted on February 19-20, 1999 pursuant to a "no-knock" search warrant, revealed a quantity of cocaine in a furnace air vent. In response to questioning by Investigator Ronald Bradford, defendant stated that the cocaine had been brought into the house by an overnight guest, Cynthia Stocks, and that when defendant heard the police at the door, he retrieved the drug from under an upstairs mattress and threw it down the heat register, hoping to dispose of it. He was convicted after trial of criminal possession of a controlled substance in the fourth degree and sentenced as a second felony offender to an indeterminate term of imprisonment of 4 to 8 years. Defendant now appeals, primarily contending that County Court erred in refusing to suppress all evidence obtained as the result of the execution of an invalid search warrant and statements by defendant that were involuntarily made or otherwise illegally obtained, and further arguing that the sentence imposed by County Court was harsh and excessive. We disagree and accordingly affirm.

Initially, we are not persuaded that County Court erred in refusing to suppress evidence of oral admissions defendant made to Bradford. At the *Huntley* hearing, Bradford testified that after defendant and his live-in paramour, Hope Karschner, had been handcuffed and placed on a living room couch, he read them both the *Miranda* warnings from a card he carries in his pocket. After he read the warnings, Bradford asked them whether they understood each of the rights he had explained to them and they each responded "yes." Bradford then asked them whether, having been advised of their rights, they were willing to answer his questions without an attorney, and they again responded "yes." Questioning then proceeded for approximately 75 minutes, during the course of which defendant acknowledged that when he heard the police break in, he ran upstairs into the second floor bedroom, removed the cocaine from beneath a mattress and threw it down the register. Bradford further testified that, while in his presence, defendant never requested a lawyer or stated that he wished to remain silent. Finally, although acknowledging that he made a few references to defendant's exposure to a prison sentence of 7½ to 15 years, Bradford indicated that he never made any promises, suggested the desired responses to questions or browbeat, hit or threatened defendant in any way.

In our view, Bradford's testimony, which was specifically credited by County Court in the proper exercise of its fact-finding authority, was entitled to belief and established beyond a reasonable doubt that defendant's oral admissions were not involuntarily made within the meaning of CPL 60.45 (2). We are not persuaded that the surrounding circumstances pointed to by defendant, i.e., that the questioning took place in the middle of the night, following police officers' forced entry into the residence and during the pendency of a search of the premises by police officers and a drug-sniffing dog, rendered the questioning inherently coercive. Further, in his analysis, defendant relies in large measure upon self-serving testimony that he and Karschner gave at the *Huntley* hearing and which County Court expressly discredited. Given County Court's "peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761) and according its determinations the great weight they deserve (*see, People v Lesiuk*, 81 NY2d 485, 490), we perceive no basis for disturbing County Court's assessment of the witnesses' credibility or its ultimate conclusion that the People sustained their burden of proving beyond a reasonable doubt that defendant's admissions were not involuntarily made (*see, People v Sobchik*, 228 AD2d 800, 801).

Defendant's remaining contentions warrant but brief discussion. First, evidence of a police informant's controlled buy of crack cocaine from Stocks, which took place at approximately 5:00 P.M. on February 19, 1999 while she was staying at defendant's house, provided probable cause for the issuance of the search warrant (*see, People v Ackerman*, 237 AD2d 849, *lv denied* 89 NY2d 1087). Although the controlled buy did not take place at defendant's residence, officers observed Stocks leave defendant's house immediately before meeting the informant and return there immediately after the sale (*see, id.*). Second, considering defendant's prior criminal record, the sentence imposed by County Court was by no means harsh and excessive. Defendant's remaining arguments have been considered and found to be unavailing.

Cardona, P. J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.