■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. BELL, Appellant. [750 NYS2d 189] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 14, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On February 13, 2000, Investigator Joseph Miller, Jr. of the Chemung County Drug Enforcement Unit submitted an affidavit to the Elmira City Court in support of an application for an all-hours, no-knock search warrant of defendant's apartment in the City of Elmira, Chemung County. Miller's affidavit related, among other things, various information elicited from a confidential informant who had met with defendant and two other individuals, Willie Owens and Mark Jones, on February 11, 2000 in defendant's apartment while cocaine was prepared for resale by placing it in packages. Miller further explained that Owens had been watched by police officers as he entered and exited defendant's apartment and that, while Owens was not found to be in possession of cocaine upon his subsequent arrest, Jones had reportedly told the informant that the cocaine was still in defendant's apartment.

City Court granted the application for a search warrant and police officers entered and searched defendant's apartment between 1:00 A.M. and 1:30 A.M. on February 14, 2000. Defendant was arrested when items discovered in the search included cocaine, marihuana and drug paraphernalia. Defendant was indicted for three drug-related crimes and ultimately pleaded guilty to criminal possession of a controlled substance in the fourth degree in satisfaction of the charges. He was sentenced to an indeterminate term of incarceration of 4 to 8 years. This appeal ensued.*

Defendant initially contends that the hearsay information from the informant failed to supply the necessary probable cause to support the search warrant. Hearsay statements can constitute the basis for probable cause provided that, consistent with the two-prong requirement of the *Aguilar-Spinelli* test, "there is a reasonable showing that the informant was reliable and had a basis of knowledge for the statement" (*People v Hetrick*, 80 NY2d 344, 348). Here, the reliability of the informant was established by the fact, set forth in the search warrant application, that the informant had recently supplied information that led to the seizure of illegal drugs and arrests for drug-related crimes (*see People v Rodriguez*, 52 NY2d 483, 489; *People v Tyrell*, 248 AD2d 747, 748, *lv denied* 92 NY2d 907). The knowledge requirement was satisfied by the informant being present with defendant and witnessing the cocaine prepared for resale while in defendant's apartment, and was

* Although the notice of appeal incorrectly states that the appeal is from a conviction for attempted criminal possession of a controlled substance in the third degree, we exercise our discretion to treat the notice as valid (*see* CPL 460.10 [6]).

corroborated by police observation of Owens—who was another participant that the informant stated was present—entering and exiting the apartment (*see People v Bigelow*, 66 NY2d 417, 423-424). The hearsay statements of the informant satisfied both prongs of the *Aguilar-Spinelli* test and, thus, provided probable cause for the search warrant.

We find unpersuasive defendant's assertion that County Court erred in denying his suppression motion without a hearing. "[A] defendant is entitled to a hearing in which he may challenge the truthfulness of the allegations in the affidavit supporting a search warrant only where he attacks the veracity of the police officer affiant, and not where * * * the credibility of the source of the information is challenged" (*People v Slaughter*, 37 NY2d 596, 600; *see People v Edmunds*, 119 AD2d 901, 902-903). While defendant submitted an affidavit from Jones attacking the informant's veracity regarding both the presence of cocaine in defendant's apartment on February 11, 2000 and the informant's contention that Jones had told him following the arrest of Owens that the cocaine was still in defendant's apartment, such statements by Jones impugn the informant, but not the credibility of Miller, the police officer affiant.

Defendant's argument that there was no basis for an all-hours, no-knock search warrant is meritless. Where, as here, there is probable cause to believe that a particular location contains saleable quantities of a controlled substance, which could be quickly destroyed, an all-hours, no-knock search warrant is justified (*see People v Ackerman*, 237 AD2d 849, 850-851, *lv denied* 89 NY2d 1087; *People v Roxby*, 224 AD2d 864, 865, *lv denied* 88 NY2d 884).

Finally, the assertion that City Court should have taken testimony before issuing a search warrant (*see* CPL 690.40 [1]) was not argued before County Court below and, therefore, was not properly preserved for review (*see* CPL 470.05 [2]; *People v Pettigrew*, 255 AD2d 969, 970, *lv denied* 92 NY2d 1037). In any event, the assertion lacks merit because the court issuing a warrant is not required to conduct an examination under oath where, as here, the affidavit supporting the application supplies probable cause (*see People v Israel*, 161 AD2d 730, 731; *cf. People v Tinkham*, 273 AD2d 619, 620, *lv denied* 95 NY2d 872).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.