■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE, Appellant. [758 NYS2d 407] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 24, 2001, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

A September 2000 search of defendant's residence pursuant to an all-hours, no-knock search warrant produced 52.57 grams of cocaine. While in police custody, defendant gave a statement to police admitting the suspected cocaine belonged to him. Defendant was indicted for three counts of criminal sale of a controlled substance in the third degree (three counts) and one count each of criminal possession of a controlled substance in the third and fourth degrees. County Court denied defendant's motion to suppress his confession and the evidence seized in his apartment pursuant to the warrant. Following a jury trial, defendant was found guilty of all crimes charged and was sentenced as a second felony offender to four terms of 12½ to 25 years in prison and one term of 7½ to 15 years in prison, with such terms to run concurrently. Defendant appeals.

Defendant argues that the warrant issued for the search of his residence was not supported by probable cause because the application submitted was insufficient to establish that contraband would be found in defendant's apartment. An issuing Magistrate must be "satisfied that there is reasonable cause to believe that [contraband] may be found in or upon the place

* * * described in the application" (CPL 690.40 [2]; *see People v Markiewicz*, 246 AD2d 914, 914-915 [1998], *lv denied* 91 NY2d 974 [1998]). Here, the application for the warrant avers that on September 7, 2000 and September 12, 2000, a named confidential informant made controlled buys from defendant in defendant's automobile. Following the September 7, 2000 buy, defendant was followed by police and he proceeded directly to his apartment. Prior to the prearranged controlled buy of September 12, 2000, the police followed defendant from his apartment directly to the place at which the transaction took place. We find that defendant's activity of entering and leaving his residence immediately before and after making drug sales is sufficient to support the reasonable belief that contraband, as well as the proceeds of the drug transactions, would be found in the apartment (*see People v Middleton*, 283 AD2d 663, 665 [2001], *lv denied* 96 NY2d 922 [2001]; *People v Ackerman*, 237 AD2d 849, 850 [1997], *lv denied* 89 NY2d 1087 [1997]). In light of the nature of the contraband sought to be seized and the reasonable belief, due to defendant's prior arrests and one conviction on firearm charges, that defendant might possess firearms, we find that the no-knock, all-hours provisions of the warrant were justified.

The affidavit in support of the search warrant application satisfied the two-pronged *Aguilar-Spinelli* test (*see Spinelli v United States*, 393 US 410, 413 [1969]; *Aguilar v Texas*, 378 US 108, 110-111 [1964]). The confidential informant's reliability and the basis of his knowledge are established by evidence of the controlled buys of drugs in defendant's vehicle which was subject to varying levels of police surveillance. The reasonable belief that contraband would be found in defendant's apartment was supported by firsthand observations by police of defendant's movements to and from his apartment at the time of the off-premises sales (*see People v Middleton, supra* at 665; *People v Ackerman, supra* at 850).

Defendant also contends that his convictions were against the weight of the evidence and the evidence was not legally sufficient to establish guilt. Viewing the evidence, as we must, in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), and according an appropriate deference to the jury's freedom to credit "any portion of the evidence it deems worthy of belief * * * [while it] reject[s] the rest" (*People v Bradley*, 272 AD2d 635, 636 [2000]), we find both a valid line of reasoning and permissible inferences which would lead a rational person to the conclusion reached by this jury on the basis of the evidence presented and which satisfies the proof

and burden requirements for every element of the crimes charged (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We further find, upon weighing " 'the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,' " that the jury gave the evidence the weight it should be accorded (*id.* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]).

The first three counts of the indictment charge defendant with the crime of criminal sale of a controlled substance in the third degree. All three sales were prearranged controlled buys in which the police searched the confidential informant, James Turner, before and after each sale, provided him with buy money before each sale and obtained the drugs from him after each sale and kept him under surveillance at all times other than when he accompanied defendant in defendant's car and was driven away from and returned to the meeting place by defendant. Defendant was physically present and drove his vehicle to and from the sale on all three occasions. The first sale occurred on September 7, 2000 at which only Turner and defendant were present in Turner's automobile. On the occasion of the second and third sale, a third party was present in the automobile and participated in the transaction by physically providing the crack cocaine. Although defendant did not physically hand the contraband to Turner on the second and third occasions, it was defendant who arranged for the meeting, searched Turner on the second occasion and discussed with Turner another buy for a larger amount of drugs. On all three occasions, Turner placed the buy money on the front console of defendant's vehicle. Defendant's convictions for criminal possession of a controlled substance in the third and fourth degrees are supported by the testimony of the police who found the substance at defendant's residence and of a forensic scientist who testified as to the identity and weight of the contraband, and defendant's confession that the cocaine found in his residence belonged to him. Under the circumstances, defendant's convictions were based on legally sufficient evidence and were not against the weight of the evidence (*see People v Bleakley, supra* at 495; *see also People v Roman*, 83 NY2d 866, 867 [1994]).

Finally, defendant contends that the People failed to prove that defendant actually possessed and sold drugs within Chemung County. "Geographical jurisdiction is a question of fact, which must be proven by a preponderance of the evidence" (*People v Dendler*, 244 AD2d 778, 779 [1997] [citations omit-

ted]; *see People v Moore*, 46 NY2d 1, 6-7 [1978]). The police identified the location of the drug sale as having commenced and concluded at a Dunkin' Donuts in the City of Elmira. They further identified the location of defendant's residence as being 468 Spaulding Street in the City of Elmira. We find that this evidence satisfied both the weight and sufficiency standard to prove that the crimes for which defendant was convicted occurred within Chemung County (*see People v Peterson*, 194 AD2d 124, 127 [1993], *lv denied* 83 NY2d 856 [1994]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.