Spain, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 12, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the seventh *628 degree and criminally using drug paraphernalia in the second degree (two counts).
In an October 1999 report to police, a confidential informant (hereinafter Cl) described a large African American male who was selling crack cocaine out of a particular apartment in the City of Ithaca, Tompkins County. The Cl, wearing a hidden transmitter, subsequently engaged in a controlled buy by approaching the apartment window, speaking to defendant, entering the building and purchasing cocaine directly from defendant. During the transaction, the police heard the Cl and another male arrange for the Cl to purchase eightballs of cocaine from the other male the following Friday night. The Cl then returned to the nearby police vehicle, recounted the transaction and handed over the small amount of unpackaged crack cocaine which he had purchased. During their surveillance of the apartment the same evening, the police observed several other individuals approach the apartment window and engage in some sort of exchange with defendant, who fit the description given by the CL
Based upon the foregoing and prior complaints about drug activity at the apartment, the police obtained a no-knock warrant to search the apartment, which could be executed at any time, day or night. Upon execution of the warrant, police discovered a large amount of cash and cocaine in the apartment and arrested defendant, found hiding in a bedroom closet. The female tenant named in the lease was also present; her daughter resided in the apartment as well but was not at home. Following a jury trial, defendant was convicted as charged, and now appeals. We affirm.
Initially, defendant contends that the warrant was not supported by sufficient evidence to demonstrate probable cause, specifically, that the warrant application did not demonstrate that the Cl was reliable or the basis for his knowledge, lacking any information concerning past reliability. Before information obtained from a Cl may be used as evidence supporting a search warrant, “it must be shown that the informant has some ‘basis of knowledge’ from which he could properly conclude that the subject of the tip was indeed involved in illegal activity and that the informant himself is reliable” (People v Rodriguez, 52 NY2d 483, 488-489 [1981], quoting Aguilar v Texas, 378 US 108, 114 [1964]). Notably, a history of providing accurate information is not the only way to establish reliability; indeed, reliability may be demonstrated “where details of [the Cl’s] story have been confirmed by police observation” (People v Rodriguez, supra at 489).
*629 Here, the corroborating observations of the police, the evidence obtained during the controlled buy, and the affidavit of a neighbor, who previously reported suspicious activity at the apartment, are sufficient to establish the Cl’s reliability, as well as the basis of his knowledge (see People v Lee, 303 AD2d 839, 840 [2003]; People v Tarver, 292 AD2d 110, 116 [2002], lv denied 98 NY2d 702 [2002]). Further, we agree with County Court that the warrant was otherwise valid and not overbroad. “Where, as here, there is probable cause to believe that a particular location contains saleable quantities of a controlled substance, which could be quickly destroyed, an all-hours, no-knock search warrant is justified” (People v Bell, 299 AD2d 582, 584 [2002], lv denied 99 NY2d 555 [2002] [citations omitted]; see People v Ackerman, 237 AD2d 849, 850-851 [1997], lv denied 89 NY2d 1087 [1997]).
Next, defendant challenges County Court’s denial of his request for a missing witness charge. The court found the charge unwarranted because the uncalled witnesses—the female residents of the apartment—were unavailable. “An accomplice (whether charged as such or not) who can be expected to invoke a privilege would ... be unavailable” (People v Savinon, 100 NY2d 192, 198 [2003] [footnote omitted]; see People v Macana, 84 NY2d 173, 177-178 [1994]). At the time of defendant’s trial, both of the uncalled witnesses were charged with related crimes of criminal facilitation based on their shared occupancy of the apartment and, thus, were likely to invoke the 5th Amendment. Accordingly, County Court’s refusal to give a missing witness charge was appropriate.
Defendant’s legal sufficiency claim is incorrectly premised upon the heightened “moral certainty” standard appropriate for cases based upon circumstantial evidence, which is reserved exclusively for the trier of fact (see People v Hines, 97 NY2d 56, 62 [2001]). The appropriate question on appellate review is whether the evidence before the jury, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt (see People v Rossey, 89 NY2d 970, 971 [1997]; People v Cabey, 85 NY2d 417, 420-421 [1995]).
Testimony was presented at trial that, during the 70 minutes immediately preceding execution of the search warrant, the police observed a man matching defendant’s description make exchanges with six individuals at the window of the apartment’s northwest bedroom. Upon entering, police found defendant hiding in the closet of the same bedroom, which contained personal items apparently belonging to the younger tenant, as well as *630 some male clothing. Defendant was the only male present in the apartment and he was further connected to the northwest bedroom — where the bulk of narcotics and cash were found — by, among other things, identification bearing his name in a wallet found in a basket by the bed, bills addressed to him at the apartment found on a bureau and the testimony of a neighbor who witnessed defendant making frequent exchanges with people through the bedroom window. We hold this evidence legally sufficient to support the jury’s verdict (see People v Manini, 79 NY2d 561, 573 [1992]; People v Tarver, supra at 113-114).
Finally, we find that defendant was properly sentenced as a second felony offender without a hearing. Defendant does not dispute having two prior convictions within the 10-year statutory period (see Penal Law § 70.06 [1] [b] [iv]), but argues that his challenge at sentencing to the constitutionality of those predicate convictions entitled him to a hearing before those convictions could be used as predicate felonies for enhanced sentencing purposes (see CPL 400.21 [7] [b]; People v Zeoli, 212 AD2d 935, 935 [1995], lv denied 85 NY2d 916 [1995]). As the People correctly point out, defendant was sentenced as a second felony offender for his second predicate, i.e., the 1995 conviction, based upon his earlier 1990 felony. The validity of the 1990 conviction thus established, it is now binding in this subsequent proceeding and not subject to constitutional challenge (see CPL 400.21 [8]; People v Loughlin, 66 NY2d 633, 635-636 [1985]; People v Jones, 213 AD2d 801, 803 [1995], lv denied 85 NY2d 975 [1995]; People v Early, 173 AD2d 884, 886 [1991], lv denied 79 NY2d 1000 [1992]).
We have considered defendant’s remaining contentions and find they lack merit.
Crew III, J.P, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.