UNITED STATES of America,
Appellee,

v.

Van D. WILLIAMS, Saquan Lewis, also known as "S", also known as "Esco", Mack Graham, Curt Cook, also known as "Country", Jamar Love, also known as Sealed Deft # 6, Lamar Jamison, also known as Sealed Deft # 7, also known as Nathan Lamar Jamison, also known as Skeet, Jamal Peterson, also known as Sealed Deft # 8, also known as Scratch, Bruce Stephens, Defendants,

Tiege Williams, Defendant–Appellant.

Docket No. 03–1079.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2003.

Clarence Q. Johnson, Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, and Lisa M. Fletcher, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellee.

PRESENT: WALKER, Chief Judge, JACOBS, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Tiege Williams appeals from the January 28, 2003 judgment of the district court convicting him, after a guilty plea, of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana and aiding and abetting the distribution and possession with intent to distribute of the same,

in violation 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), and using and carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Williams was sentenced principally to 211 months of imprisonment.

On appeal, Williams argues that (1) the district court erred in denying his motion to suppress statements obtained through electronic surveillance on the ground that the application for the eavesdropping warrant failed to establish that normal investigative procedures had been tried and failed or were reasonably unlikely to succeed or to be too dangerous; (2) the district court erred in denying his motion to suppress evidence obtained through a pole surveillance camera; (3) the search warrant issued for Williams's residence was not supported by probable cause; and (4) the district court erred in denying his motion to suppress evidence obtained through a search warrant because there was an insufficient basis to issue a warrant allowing a "no knock, anytime" search.

We reject these arguments for substantially the reasons stated in the district court's July 1, 2002 Memorandum Decision and Order. The application for an eavesdropping warrant sufficiently established that while investigators had achieved some success using normal investigative procedures, such procedures were reasonably unlikely to succeed if tried or too dangerous to employ to obtain evidence sufficient to meet the investigation's objective of discovering all of the buyers, sellers, and participants in this "large scale" drug conspiracy. *See* N.Y.Crim. Proc. Law § 700.15(4) and 700.20(2)(d); *United States v. Torres*, 901 F.2d 205, 230–32 (2d Cir.1990) (finding similar allegations to satisfy federal requirements under 18 U.S.C. § 2518); *United States v. Lilla*, 699

**250**

F.2d 99, 102 (2d Cir.1983) (holding that federal and New York state requirements for wiretaps are the same).

■ Williams waived his right to challenge the district court's denial of his motion to suppress evidence obtained through a pole surveillance camera because that issue was not one of the two expressly preserved for appeal in Williams' plea agreement. *See United States v. Arango,* 966 F.2d 64, 66 (2d Cir.1992). Accordingly, Williams's appeal of this issue is dismissed.

■ Finally, the application for a search warrant established both (i) probable cause to search Williams's residence, and (ii) reasonable cause to believe that evidence of the conspiracy would be destroyed or removed and that knocking and announcing their presence would be dangerous to the officers conducting the search, thereby justifying issuance of a "no knock, anytime" warrant. *See* N.Y.Crim. Proc. Law § 690.35(4)(a) and (b); *Richards v. Wisconsin,* 520 U.S. 385, 394–95, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997); *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Pforzheimer,* 826 F.2d 200, 202–04 (2d Cir.1987); *People v. Ackerman,* 237 A.D.2d 849, 654 N.Y.S.2d 876, 877 (App. Div.1997). Moreover, even if the "no-knock, anytime" authorization were improper, no constitutional violations resulted because the warrant was executed during the daytime and when no one was home.

Accordingly, the judgment of the district court is hereby **AFFIRMED in part and DISMISSED in part.**