SUMMARY ORDER
Defendant-Appellant David Randall appeals from his conviction in the United States District Court for the Northern District of New York (Scullin, /.). He challenges the District Court’s denial of his motion to suppress evidence found during the search and seizure of his computer equipment and statements he made to police officers and the District Court’s sentencing decision. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
Randall first contends that the District Court erred in denying his suppression motion. But because Randall did not preserve his right to appeal this issue when he pled guilty, he waived his right to object to the constitutionality of the search of the computers and the admissibility of the statements. As explained by the Supreme Court in Tollett v. Henderson, “a guilty plea represents a break in the chain of events which has preceded it in the criminal process.” 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Therefore, “[wjhen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.” Id.; see also United States v. Arango, 966 F.2d 64, 66 (2d Cir.1992) (explaining that “[b]y pleading guilty ... [the defendant] waived his right to object to the constitutionality of the search”); United States v. Doyle, 348 F.2d 715, 718 (2d Cir.1965) (explaining that a guilty plea waives all non-jurisdictional defects).
Randall also argues that the District Court improperly sentenced him to a lifetime term of supervised release.[1] This Court reviews criminal sentences for both procedural and substantive reasonableness under a “deferential abuse-of-discretion standard.” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (internal quotation marks omitted). Given *257 the facts in front of the District Court at sentencing, we cannot say, in light of the 18 U.S.C. § 3553(a) factors, that a lifetime term of supervised release constitutes an abuse of discretion.
We have considered all of Appellant’s claims, and we find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

. The District Court also sentenced Randall to the fifteen-year mandatory minimum. Randall only challenges his term of supervised release.