■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGELO GARZIA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOANNE CONNOLLY, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BASIL GARZIA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAMELA GARZIA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD COSTELLO, Respondent.—Consolidated appeal by the People from five orders of the County Court, Westchester County (one as to each defendant), four dated January 8, 1976, and one (as to defendant Ronald Costello) dated January 22, 1976, which granted the branches of defendants' respective motions which sought suppression of certain physical evidence. Orders reversed, on the law, and the said branches of the motions are denied. The affidavit in support of the search warrant and the search warrant application are sufficient to establish probable cause for its issuance (see *People v Gerace,* 55 AD2d 626; *People v Hanlon,* 36 NY2d 549). Moreover, the warrant accurately described the premises and persons to be searched (cf. *People v Nieves,* 36 NY2d 396). The assertions by the police that the items to be seized were drugs which could be easily and quickly disposed of, and that the occupants of the house were known as hunters and might possess firearms, justified the "any time" and "no knock" provisions in the warrant. Cohalan, Acting P. J., Damiani and Hawkins, JJ., concur; Margett and Mollen, JJ., concur in the result under the constraint of *People v Gerace* (55 AD2d 626; see, also, *People v Rose,* 31 NY2d 1036).