The defendant also claims that he was denied the effective assistance of counsel. However, the record reveals that the defendant instructed his counsel not to interpose a defense—indeed, not to participate in the trial at all. Having taken such a posture at trial, we find that the defendant has waived any claim that he was denied the effective assistance of counsel (*see,* Code of Professional Responsibility, EC 7-7; *Hallock v State of New York,* 64 NY2d 224, 228-230).

We have considered the defendant's remaining contention and find it to be without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD G. GALMORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered November 20, 1984, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHTON HARRISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered January 16, 1985, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HARRISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered April 19, 1983, convicting him of criminal posses-

sion of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The circumstances justified the issuance of a search warrant with extended hours since the property sought, drugs, could "be removed or destroyed if not seized forthwith" (CPL 690.35 [3] [a] [ii]; *see, People v Garzia,* 56 AD2d 635, *affd* 44 NY2d 867, *cert denied* 439 US 930). We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.