■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WOLLENBERG, Also Known as ERIC WALLENBERG, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered May 3, 1985, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress evidence.

Judgment affirmed, and case remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

On August 14, 1984, at about 9:30 P.M., the State Police

executed a search warrant at the residence of the defendant and seized a certain amount of cocaine, as a result of which he was indicted for two counts of criminal possession of a controlled substance in the third degree.

On this appeal, the defendant challenges the sufficiency of the evidence presented to the magistrate who issued the search warrant. He claims that the reliability of the information and of the informants was not demonstrated in the application and supporting affidavit of the State Police investigator, and that there was no basis to provide that the warrant could be executed at any time of the day or night.

Contrary to the defendant's assertions, the issuance of the warrant was not solely based upon unreliable hearsay evidence, but rather upon the independent verification by police observations and recordings concerning two drug purchases at the residence of the defendant arranged by the police with the cooperation of a confidential informant. In his supporting affidavit, the State Police investigator stated that the recorded conversations revealed to the police that Steven Coulter had stated to the confidential informant on two occasions that he was going to purchase cocaine for the informant from "Eric". A police surveillance team followed Coulter on August 9 and 14, 1984, and observed him enter the defendant's home and exit a short time later. On August 14, after he left the defendant's home, Coulter was arrested and found to be in possession of cocaine. He admitted to the police that he had obtained the cocaine from the defendant's residence and stated that he had observed more cocaine at the premises which was owned by the defendant. On that same day, the police applied for and obtained the search warrant.

Under the totality of the circumstances, we find that there was a substantial basis for the issuing magistrate to have reasonably concluded in the "clear light of everyday experience" (see, People v Hanlon, 36 NY2d 549, 559) that contraband, money and the other property sought by the police would be found in the areas sought to be searched (see, People v Marinelli, 100 AD2d 597, 599). The police corroboration combined with Coulter's admissions, which can be considered contrary to his penal interest, provided probable cause for the issuance of the search warrant (see, People v Comforto, 62 NY2d 725, 727).

Also, as the search warrant application indicated that the property sought was capable of being easily and quickly destroyed, there was a sufficient basis to permit the warrant

to be executed at any time (CPL 690.35 [3] [a] [ii]; *People v Rose,* 31 NY2d 1036). Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.