■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YESHER ISRAEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered April 21, 1987, convicting him of coercion in the first degree (three counts), assault in the third degree (three counts), endangering the welfare of a minor (two counts), and criminal possession of a weapon in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and 10 codefendants were charged with a total of 171 counts of coercion, assault, intimidating a victim or witness, endangering the welfare of a child, menacing, hindering prosecution, and criminal possession of a weapon.

At trial, a 13-year-old complainant and his nine-year-old brother testified that the defendant, an elder at two Yahweh Temples located in Queens, assisted by various codefendants, had stood them naked on a chair and beaten them with rods on both March 12, 1986 and March 18, 1986. They testified further that following the floggings, the defendant had rubbed Tabasco sauce in their wounds and in addition, had struck them on the head with a wooden statue. The children also claimed that the defendant forced them to distribute the sect's literature on the street while begging for money, and sub-

jected them to debilitating fasts and additional beatings if they misbehaved while performing this task. The children's testimony was corroborated by that of the younger boy's father, to whom the brothers finally fled, as well as by a medical expert, who testified that she had examined the boys' scars and had determined that the older child was anemic while the younger one was borderline anemic. Police officers recovered the described rods, wooden statue and chair from the temples, and one officer observed the "slash marks" that covered the children's backs and legs.

The defendant took the stand and testified that he had never struck or abused any of the children at the temples, and that he had been away at work on the evenings of March 12 and March 18, 1986.

On appeal the defendant contends that he was denied his right to effective assistance of counsel when the attorney who was initially assigned to represent him failed to attend the first two sessions of a seven-day pretrial hearing; that his motion for a severance should have been granted; that the nine-year-old complainant should not have been permitted to testify under oath; that his guilt was not proven beyond a reasonable doubt; and that the imposition of consecutive sentences was improper. We find the defendant's contentions to be without merit.

A combined *Wade, Huntley, Mapp* and severance hearing was held in seven sessions, commencing on June 17, 1986 and concluding on November 5, 1986. The defendant's first assigned counsel opted not to appear at the first two days of these hearings, and there is no indication in the record that his decision was not a tactical one *(see, People v Satterfield,* 66 NY2d 796), since there was no issue as to the propriety of the defendant's identification *(see, People v White,* 137 AD2d 859, *lv denied* 72 NY2d 868), the defendant had made no statement *(see, People v McCrimmon,* 131 AD2d 598, *lv dismissed* 70 NY2d 714), the search warrants appeared proper on their face *(People v Panzarino,* 131 AD2d 788, *lv denied* 70 NY2d 753), and counsel had submitted all of his arguments regarding severance with his written motion. In any event, when the defendant's first attorney was replaced by a second attorney, with whose representation the defendant finds no fault, on September 22, 1986, the third day of the pretrial hearings, that attorney expressly informed Justice Calabretta, who presided at both the hearing and the trial, that he "embraced the entire hearing" theretofore held, and actively participated in all later sessions. Since the combined hearings did not

conclude until November 5, 1986, after another five sessions, the second attorney had ample opportunity, of which he took full advantage, to protect the defendant's rights. We further note that Justice Calabretta made no decision on the various motions until December 1986, so that, contrary to the defendant's allegations, no determination critical to the defense was made during the first two days of the hearing.

The defendant's contention that his case should have been severed from his codefendants' because of the risk of confusing the jury is equally without merit. The trial court granted the defendants' motions to sever to the extent of ordering that the action be divided into three separate cases based upon similarity of charges and criminal involvement of the defendants. All charges against 2 of the 10 codefendants were dismissed, and other counts were dropped, with the result that the defendant was ultimately charged with only a small fraction of the counts in the indictment, while numerous counts against the two codefendants with whom he was tried were dropped. Moreover, the joinder of the charges against the defendant and two of his codefendants was entirely proper under CPL 200.40 (1), which provides that

"[t]wo or more defendants may be jointly charged in a single indictment provided that:

"(a) all such defendants are jointly charged with every offense alleged therein; or * * *

"(c) all the offenses charged are based upon the same criminal transaction as that term is defined in subdivision two of section 40.10".

CPL 40.10 (2) defines "criminal transaction" as "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture."

Since the same evidence established that the defendant and his two accomplices acted in concert to commit the crimes of which they were convicted, the trial court did not abuse its discretion in ordering a joint trial, and the defendant has submitted no "cogent reasons" to warrant a severance (*People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905).

It is clear from the voir dire held of the nine-year-old complainant that the court properly ascertained that the

witness was sufficiently intelligent to testify, that he adequately understood the nature of an oath, appreciated the difference between truth and falsehood, and recognized his duty to tell the former (see, CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560). Since there is no abuse of discretion apparent from the record, the trial court's determination will not be disturbed (see, *People v Hickey,* 133 AD2d 421).

In addition, we are satisfied that the defendant's guilt was proven beyond a reasonable doubt. Each child's testimony of abuse was vivid and corroborated that of the other, while their accounts were further supported by the implements recovered from the temples and by the medical evidence. Viewing the evidence in the light most favorable to the People (*People v Contes,* 60 NY2d 620), it established every element of the crimes of coercion, assault, endangering the welfare of a minor, and criminal possession of a weapon of which the defendant was convicted. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Since resolution of issues of credibility, and the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*People v Gaimari,* 176 NY 84), its determination will not be disturbed where, as here, it is clearly supported by the record (*People v Garafolo,* 44 AD2d 86).

Finally, the imposition of consecutive sentences was entirely proper for the defendant's conviction of the separate and distinct crimes of coercion in the first degree as to the older brother and coercion in the first degree as to the younger boy (Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839; *People v Derhi,* 110 AD2d 709).

We have examined the defendant's remaining contentions and find them to be without merit. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.