■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHMUAYL ISRAEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered April 2, 1987, convicting him of assault in the third degree, endangering the welfare of a child, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that Justice Kooper has been substituted for former Presiding Justice Mollen (*see,* 22 NYCRR 670.1 [c]); and it is further,

Ordered that the judgment is affirmed.

The facts of this case are set forth in the decision and order of this court affirming the conviction of the defendant's accomplice (*see, People v Israel,* 148 AD2d 637, *affd* 75 NY2d 972). In short, the evidence adduced at trial established that the instant defendant was one of several "elders" in two Yahweh Temples located in Queens County who actively participated in the flogging and other abuse of at least one of the infant complainants on March 18, 1986.

The defendant's attack upon the search warrants issued in this case is unavailing. The inclusion of both "nighttime entry" and "no-knock" provisions in the warrants was justified by the evidence presented to the issuing Judge. Indeed, the record demonstrates that some of the items sought—including rods, staffs, a wooden statue, and containers of hot sauce—could be readily destroyed or disposed of (see, CPL 690.35 [3] [a], [b]; People v Wollenberg, 123 AD2d 413). Moreover, there was evidence before the issuing Judge to support the conclusion that the Temple occupants might be armed with rods or machetes, thereby raising the reasonable possibility that the executing officers would be subjected to a risk of physical injury (see, CPL 690.35 [3] [b] [ii]; People v Harrison, 122 AD2d 223; People v Garzia, 56 AD2d 635, affd 44 NY2d 867 cert denied 439 US 930). Accordingly, the inclusion of the "nighttime entry" and "no-knock" provisions was proper.

Similarly unpersuasive is the defendant's claim that the issuing Judge should have conducted a thorough inquiry of the infant complainants and kept a record of their statements. The applications for the search warrants were in writing (CPL 690.35) and were supported by affidavits containing allegations of fact sufficient to establish reasonable cause for the issuance of the warrants. The defendant does not challenge the sufficiency of these affidavits. While it is true that the issuing Judge *may* examine, under oath, any person who possesses pertinent information in order to determine reasonable cause, a Judge is not required to conduct such an examination if he or she is satisfied that the submitted affidavits establish reasonable cause (CPL 690.40 [2]). The two infants were brought before the issuing Judge, but he questioned them only to establish their identity and to ascertain whether they were in need of immediate medical attention. The issuing Judge did not rely on their oral statements to establish reasonable cause; hence, it was not necessary to either record the statements or summarize them on the record (CPL 690.40 [1]; People v Taylor, 73 NY2d 683).

Additionally, we reject the defendant's contention that the trial court erred in denying a defense application to recall a prosecution witness to the stand for the sole purpose of impeaching the witness's credibility with evidence of a prior bad act which the witness had previously denied. Inasmuch as the inquiry concerned a collateral matter and the introduction of extrinsic evidence on such questions is strongly disfavored (see, People v McCormick, 303 NY 403; Richardson, Evidence § 491, at 477 [Prince 10th ed]), the court did not improvidently

exercise its broad discretion in controlling the nature and extent of the cross-examination by denying the application *(see, People v Sorge,* 301 NY 198). We further find unpersuasive the defendant's claim that the court erred in declaring a pediatrician with extensive schooling and experience in child abuse to be an expert in that field *(see generally, Selkowitz v County of Nassau,* 45 NY2d 97).

Finally, we reject the issues raised by the defendant regarding the motion for a separate trial and the nine-year-old complainant's competency to testify under oath, for the reasons set forth in the decision rendered on the appeal of his accomplice *(see, People v Israel,* 148 AD2d 637, *supra).* Kooper, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.