■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY ANDERSON, Also Known as GUY HAMMONDS, Appellant.— Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered October 1, 1991, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court properly denied, without a hearing, that branch of his omnibus motion which was to controvert the search warrant and to suppress physical evidence seized pursuant thereto. The warrant application was accompanied by the affidavit of a police officer which was supported by the sworn statement of a named informant. The informant's statement setting out in detail criminal activity personally observed by him was a sufficient

predicate for a finding of probable cause *(People v Hicks,* 38 NY2d 90; *People v Bartolomeo,* 53 NY2d 225).

Moreover, the defendant's contention that an in-camera hearing should have been held to determine the reliability or veracity of the informant's statement is without merit. "[A] defendant is entitled to a hearing in which he may challenge the truthfulness of the allegations in the affidavit supporting a search warrant only where he attacks the veracity of the police officer affiant, and not where * * * the credibility of the source of information is challenged" *(People v Slaughter,* 37 NY2d 596, 600; *see also; People v Solimine,* 18 NY2d 477, 479).

The sentence imposed was neither harsh nor excessive *(People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and found them to be either unpreserved for appellate review or without merit *(see, People v Robinson,* 36 NY2d 224). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.