THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ANTELMI, Appellant. [601 NYS2d 634] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered June 27, 1990, convicting him of

criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant. By decision and order dated November 16, 1992, this Court remitted the matter to the Supreme Court, Kings County, for a de novo hearing and to report on the branch of the defendant's omnibus motion which was to suppress the physical evidence, and held the appeal in abeyance in the interim *(People v Antelmi,* 187 AD2d 601). The Supreme Court, Kings County (Brill, J.), has now filed its report.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Contrary to the defendant's contention, the record supports the hearing court's finding that the vehicle in which the defendant was a passenger was properly stopped by the police for a traffic violation *(see, People v Gales,* 187 AD2d 606; *People v Brunson,* 166 AD2d 204). However, the police thereafter forcibly detained and searched the defendant when he attempted to leave. We find that this conduct exceeded that which is permissible during a normal traffic stop, as there was no showing of a reasonable suspicion on the part of the police that the defendant was committing, had committed, or was about to commit a crime *(see, People v Woods,* 189 AD2d 838; *People v Greene,* 135 AD2d 449). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.