■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WILLIAMS, Appellant. [633 NYS2d 70] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered July 5, 1994, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly concluded that the search warrant issued for the defendant's apartment was supported by probable cause. Contrary to the defendant's contention, the reliability of the confidential informant upon whose information the search warrant was granted was sufficiently demonstrated in the warrant application. The informant had previously provided reliable narcotics information to the police on several occasions, leading to arrests, and at the behest of the investigating officers and under their supervision, he conducted three purchases of narcotics from the defendant in this case *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Glenn,* 207 AD2d 909).

In addition, where, as here, the contraband sought was capable of being easily and quickly destroyed, there was a sufficient basis to permit the warrant to be executed after 9:00 P.M. *(see, e.g., People v Rose,* 31 NY2d 1036; *People v Wollenberg,* 123 AD2d 413; *People v Harrison,* 122 AD2d 223; *see also, People v Garzia,* 56 AD2d 635, *affd* 44 NY2d 867, *cert denied* 439 US 930).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.