■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ROXBY, Appellant. [638 NYS2d 215] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 23, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.

On November 23, 1992, the Ulster County Sheriff's Department received confidential information providing reasonable cause to believe that defendant was a dealer of marihuana and possessed marketable quantities of the drug. The Sheriff then procured an all-hours, no-knock search warrant covering defendant's home. The warrant was executed during the early morning hours of November 24, 1992 and approximately 13 pounds of marihuana and eight ounces of hashish were seized. As a result, defendant was indicted for criminal possession of marihuana in the first degree. After his motions challenging the validity of the search warrant were denied, defendant pleaded guilty to the indictment and was sentenced to six months in jail and five years of probation. The execution of defendant's sentence was stayed by County Court pending this appeal by defendant.

---

* Sylvester's subsequent motion for a stay pending appeal was denied by this Court.

Contending that the large quantity of marihuana which was seized could not be readily destroyed or removed, defendant argues that the all-hours and no-knock aspects of the warrant had no valid basis, thereby rendering the warrant and search invalid. We disagree. Initially, we note that the size of the actual seizure was not known in advance. Significantly smaller quantities within the differing felony levels (*see*, Penal Law §§ 221.20, 221.25) could be very rapidly and readily removed or destroyed if not swiftly seized. A nighttime search, without knocking, is justified where, as here, there is probable cause to believe that saleable quantities of marihuana are stored at the site to be searched pending sale (*see*, CPL 690.35 [4] [a], [b]; *People v Conklin*, 139 AD2d 156, *lv denied* 72 NY2d 1044; *see also*, *People v Israel*, 161 AD2d 730, 731; *People v Wollenberg*, 123 AD2d 413, 415; *People v Harrison*, 122 AD2d 223, 224, *lv denied* 68 NY2d 813; *People v Harris*, 47 AD2d 385). Moreover, contrary to defendant's argument, sizeable quantities of drugs including marihuana, particularly in bricks or hashish forms, can be and are disposed of and/or sold easily and quickly (*see*, *People v Eldridge*, 173 AD2d 975, 977; *see also*, *People v De Lago*, 16 NY2d 289, *cert denied* 383 US 963).

After reviewing the record, including the confidential affidavit and the transcript of the in camera interview, we find no merit to defendant's contentions that County Court erred in determining that the identity of the confidential informant should remain anonymous and that access to the affidavit of the informant be withheld from defendant, and in denying his motion to suppress the seized evidence. In reviewing the affidavit and interviewing the informant in camera, County Court satisfied the review procedures articulated in balancing the competing needs of defendant and the confidential informant (*see*, *People v Darden*, 34 NY2d 177; *see also*, *People v Castillo*, 80 NY2d 578, *cert denied* 507 US 1033; *People v Liberatore*, 79 NY2d 208).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Ulster County for further proceedings pursuant to CPL 460.50 (5).