■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD WILLIAMS, Appellant. [670 NYS2d 893] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lebowitz, J.), rendered May 16, 1996, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of a weapon in the fourth degree (two counts), criminally using drug paraphernalia in the second degree, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence. The appeal brings up for review (1) the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police, and (2) the denial, without a hearing, of that branch of defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court should have suppressed the physical evidence recovered by the police. He argues that the search warrant had been issued improperly

because it was based upon an affidavit which was stale since it indicated only that drugs had been seen on the premises within the previous two-week period. There is a strong judicial preference for search warrants (*see, People v Hanlon*, 36 NY2d 549), and "courts should not analyze applications in a grudging or hypertechnical manner when determining whether they meet constitutional standards" (*People v Edwards*, 69 NY2d 814, 816; *see also, People v Hanlon, supra*, at 558). The search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search (*see, People v Bigelow*, 66 NY2d 417, 423; *People v Edwards, supra*, at 816).

Here, the informant's first-hand observations, related to the court in sworn testimony, provided ample information sufficient for the court to reasonably believe that an on-going drug enterprise was being operated from the subject premises. Thus, the information upon which the court relied in issuing the search warrant was not rendered stale by the two-week delay between the observations of the informant and the issuing of the warrant (*see, People v Mallory*, 234 AD2d 913, 914; *People v Telesco*, 207 AD2d 920, 921).

In addition, the defendant was not entitled to an *Alfinito* hearing (*see, People v Alfinito*, 16 NY2d 181; *Franks v Delaware*, 438 US 154). The defendant is not entitled to such a hearing where, as here, he challenges the credibility of the source of information i.e., the informant, but only where he attacks the veracity of the police officer affiant (*see, People v Slaughter*, 37 NY2d 596, 600; *People v Bashian*, 190 AD2d 681, 682).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.