◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT B. CORR, Appellant. [816 NYS2d 82]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered December 8, 2004, convicting him of forgery in the first degree, criminal possession of a forged instrument in the first degree, criminal possession of

forgery devices, and criminal possession of a hypodermic needle (nine counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is a strong judicial preference for search warrants (*see People v Hanlon,* 36 NY2d 549, 558 [1975]; *People v Williams,* 249 AD2d 343, 344 [1998]). The search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search (*see People v Bigelow,* 66 NY2d 417, 423 [1985]; *People v Fricchione,* 20 AD3d 433 [2005]).

Contrary to the defendant's contention, the search warrant was supported by probable cause. The identified citizen informant was presumptively reliable (*see People v Allen,* 209 AD2d 425 [1994]) as there are criminal sanctions attendant upon falsely reporting information to authorities (*see People v Chipp,* 75 NY2d 327, 340 [1990], *cert denied* 498 US 833 [1990]). Further, the informant's basis of knowledge was sufficiently established by her familiarity with the defendant, his home, and his family, and the detailed description of the criminal activity which took place in her presence at the defendant's home.

The defendant's remaining contentions are without merit. Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.