THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LEGGIO, Appellant. [923 NYS2d 188]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered October 23, 2007, convicting him of possessing a sexual performance by a child (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant and to suppress physical evidence seized in execution thereof.

Ordered that the judgment is affirmed.

There is a strong judicial preference for search warrants (*see People v Hanlon*, 36 NY2d 549, 558 [1975]; *People v Corr*, 28 AD3d 574 [2006]; *People v Williams*, 249 AD2d 343, 344 [1998]). "The search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (*People v Williams*, 249 AD2d at 344).

Contrary to the defendant's contention, the County Court properly denied, without a hearing, that branch of his omnibus motion which was to controvert a search warrant and to suppress physical evidence seized in execution of the warrant. The warrant application was accompanied by the affidavit of a police officer, which was supported by the sworn statement of a named informant, who had previously given the police officer reliable information. The informant's statement setting out in detail criminal activity personally observed by him was a sufficient predicate for a finding of probable cause (*see People v Corr*, 28 AD3d 574 [2006]; *People v Anderson*, 190 AD2d 741 [1993]).

Furthermore, the defendant was not entitled to an *Alfinito* hearing (*see People v Alfinito*, 16 NY2d 181 [1965]; *see also Franks v Delaware*, 438 US 154 [1978]) since, in his omnibus motion, he challenged only the veracity of the informant, and not the veracity of the police officer affiant (*see People v Slaughter*, 37 NY2d 596, 600 [1975]; *People v Solimine*, 18 NY2d 477, 479 [1966]; *People v Williams*, 249 AD2d at 344). In addition, the defendant's contention that an in camera hearing should have been held to determine the reliability or veracity of the informant is without merit (*see People v Anderson*, 190 AD2d at 742). "[A] defendant is entitled to a hearing in which he may challenge the truthfulness of the allegations in the affidavit supporting a search warrant only where he attacks the veracity of the police officer affiant and not where . . . the credibility of the source of information is challenged" (*People v Slaughter*, 37 NY2d at 600; *see People v Anderson*, 190 AD2d at 742). Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.