■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON D. COOPER, Appellant. [990 NYS2d 862]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered November 29, 2011, convicting him of criminal possession of a controlled

substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that certain physical evidence recovered after law enforcement officials executed a search warrant at his premises should have been suppressed. There is a strong judicial preference for search warrants (*see People v Hanlon,* 36 NY2d 549, 558 [1975]; *People v Williams,* 249 AD2d 343, 344 [1998]). A warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search (*see People v Bigelow,* 66 NY2d 417, 423 [1985]; *People v Fricchione,* 20 AD3d 433 [2005]). Contrary to the defendant's contention, there was probable cause to issue the subject search warrant (*see* CPL 690.10; *People v Bigelow,* 66 NY2d at 423; *People v Traymore,* 241 AD2d 226, 229-230 [1998]; *People v Ianniello,* 156 AD2d 469 [1989]).

The defendant's contention regarding the alleged unreliability of the confidential informant who provided information leading to the issuance of the warrant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Maxis,* 50 AD3d 922 [2008]; *People v Toellner,* 299 AD2d 567 [2002]; *see also People v Valverde,* 13 AD3d 658 [2004]). In any event, the defendant's contention is without merit (*see People v Corr,* 28 AD3d 574 [2006]).

The sentence imposed was not excessive (*see People v Felix,* 58 NY2d 156, 161 [1983]; *People v Suitte,* 90 AD2d 80 [1982]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.