People v Bryant (2021 NY Slip Op 03603)





People v Bryant


2021 NY Slip Op 03603


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-14637
 (Ind. No. 976/17)

[*1]The People of the State of New York, respondent,
v
Uriel Bryant, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Daniel Rosenblum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sharen D. Hudson, J.), rendered October 24, 2018, convicting him of criminal possession of a firearm (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Suzanne M. Mondo, J.), without a hearing, of the defendant's motion, inter alia, to controvert a search warrant and to suppress evidence obtained in the execution thereof.
ORDERED that the judgment is affirmed.
"There is a strong judicial preference for search warrants" (People v Corr, 28 AD3d 574, 575; see People v Hanlon, 36 NY2d 549, 558). "The search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (People v Corr, 28 AD3d at 575; see People v Bigelow, 66 NY2d 417, 423). Contrary to the defendant's contention, there was probable cause to issue the subject search warrant (see People v Bigelow, 66 NY2d at 423; People v Williams, 249 AD2d 343, 344).
Additionally, the Supreme Court properly found that the redactions to the search warrant application and hearing minutes were necessary to protect the anonymity of the confidential informant and to protect him or her from danger (see People v Hedrington, 186 AD3d 1245, 1245-1246).
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court