People v Fraser (2022 NY Slip Op 06138)

People v Fraser

2022 NY Slip Op 06138

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-08907
 (Ind. No. 5105/18)

[*1]The People of the State of New York, respondent,
v
Theodore Fraser, appellant.

Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered October 31, 2019, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion, inter alia, to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
After the issuance of a search warrant based upon information obtained by a confidential informant, the police recovered three pistols and one revolver, cocaine, marihuana, and drug paraphernalia in the defendant's home. The defendant moved, inter alia, to controvert the search warrant and suppress the evidence seized in the execution thereof. The Supreme Court denied the defendant's motion. The defendant thereafter entered a plea of guilty to criminal possession of a firearm and was sentenced to a term of imprisonment. The defendant appeals.
We decline to grant the defendant's request to direct the disclosure of the unredacted search warrant application and minutes of an examination pursuant to CPL 690.40(1) because the Supreme Court properly found that "the redactions to the search warrant application and . . . minutes were necessary to protect the anonymity of the confidential informant and to protect him or her from danger" (People v Hedrington, 186 AD3d 1245, 1245-1246).
Moreover, upon a review of the unredacted search warrant application and hearing minutes, we conclude that the Supreme Court properly denied those branches of the defendant's motion which were to controvert the search warrant and suppress the physical evidence seized in the execution thereof. "There is a strong judicial preference for search warrants" (People v Corr, 28 AD3d 574, 575; see People v Hanlon, 36 NY2d 549, 558). "The search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (People v Corr, 28 AD3d at 575; see People v Bigelow, 66 NY2d 417, 423). Here, there was probable cause to issue the subject search warrant (see People v Bigelow, 66 NY2d at 423; People v Williams, 249 AD2d 343, 344).
Furthermore, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court