People v Rivera (2022 NY Slip Op 06268)

People v Rivera

2022 NY Slip Op 06268

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-00957
 (Ind. No. 194/18)

[*1]The People of the State of New York, respondent,
v
Senate Rivera, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered December 17, 2018, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to controvert search warrants and suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
After the issuance of three search warrants based upon information from two undercover police officers and a confidential informant, the police recovered one loaded pistol, ammunition, heroin, fentanyl, and drug paraphernalia from inside two apartments located at 50 Caroline Street in Richmond County.
The defendant moved, inter alia, to controvert the search warrants and suppress the evidence seized by the police. The Supreme Court denied the defendant's motion. The defendant thereafter entered a plea of guilty to one count of criminal sale of a controlled substance in the first degree and one count of criminal possession of a weapon in the second degree. The defendant appeals.
As an initial matter, contrary to the People's contention, the defendant's contention that one of the warrants was not supported by probable cause is preserved for appellate review. Although the defendant did not raise any arguments related to whether the search warrant was supported by probable cause in his motion, inter alia, to controvert the search warrants and suppress the evidence seized in the execution thereof, the Supreme Court "expressly decided" the issue of whether the warrant was supported by probable cause (see CPL 470.05[2]; see generally People v Palmer, 84 AD3d 1414).
Contrary to the defendant's contention, the Supreme Court properly denied those branches of his motion which were to controvert search warrants and suppress the evidence seized in the execution thereof. "There is a strong judicial preference for search warrants" (People v Corr, [*2]28 AD3d 574, 575; see People v Hanlon, 36 NY2d 549, 558). "The search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (People v Corr, 28 AD3d at 575; see People v Bigelow, 66 NY2d 417, 423). Here, there was probable cause to issue the subject search warrants (see People v Bigelow, 66 NY2d at 423; People v Williams, 249 AD2d 343, 344).
The defendant's contention that the Supreme Court erred in upholding the provision in the search warrants permitting the police officers to enter the subject location without announcing their presence is unpreserved for appellate review, and we decline to reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]).
Accordingly, we affirm the defendant's judgment of conviction.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court