People v Miller (2023 NY Slip Op 00219)

People v Miller

2023 NY Slip Op 00219

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-08295
 (Ind. No. 100/21)

[*1]The People of the State of New York, appellant,
v
Marcus Miller, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Charles T. Pollak of counsel), for appellant.
David A. Bart, Fresh Meadows, NY, for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (John F. Zoll, J.), dated October 12, 2021. The order, insofar as appealed from, after a hearing, granted the defendant's motion to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the order is affirmed insofar as appealed from.
The evidence at the defendant's pretrial suppression hearing established that, on January 23, 2021, at approximately 9:40 p.m., Officer Vincent Monteleone attempted to pull over a vehicle for multiple traffic violations, including parking in a crosswalk, failing to stop at a stop sign, and failing to signal while making a turn. Backup was called when the vehicle initially would not pull over. When the vehicle stopped, the defendant, a passenger in the backseat, exited the vehicle and began to flee. Officer Michael Fortunato, who was in a patrol car that had responded to the backup call, but who did not know why the vehicle was being pulled over, tackled the defendant and placed him in handcuffs. After placing handcuffs on the defendant, Officer Fortunato conducted a pat down of the defendant and found two handguns between his legs. Subsequently, the defendant waived his Miranda rights (see Miranda v Arizona, 384 US 436), and spoke to law enforcement officials about the incident.
After his arrest and questioning, the defendant moved to suppress the firearms seized during his pat down search and his subsequent statements to law enforcement officials. In an order dated October 12, 2021, the Supreme Court granted the defendant's motion. The People appeal.
The People's contention that an exception should be made to the exclusionary rule under the circumstances presented is unpreserved for appellate review. "Law is made not 'by what was said, but by what was decided, and what was said is not evidence of what was decided, unless it relates to the question presented for decision'" (People v Bourne, 139 AD2d 210, 216, quoting People ex rel. Metropolitan St. Ry. Co. v State Board of Tax Commrs., 174 NY 417, 447). Here, the Supreme Court's statements in its October 12, 2021 order regarding a potential exception to the exclusionary rule were mere dicta, which did not influence the court's final determination, and, thus, do not establish, pursuant to Criminal Procedure Law § 470.05(2), that the court "expressly decided" the issue of whether an exception should be made to the exclusionary rule under the circumstances [*2]presented.
In any event, the People's argument is without merit. There is no reasonable suspicion that the defendant was involved in criminal activity solely because he attempted to flee from the backseat of a vehicle that had been stopped for a traffic violation (see People v Sierra, 83 NY2d 928, 930; People v Furrs, 149 AD3d 1098, 1100; People v Campbell, 245 AD2d 191, 193; People v Antelmi, 196 AD2d 658, 659). To permit the People to use the evidence seized pursuant to an illegal detention where an officer did not have sufficient information at the time to determine if there was reasonable suspicion to detain a suspect would frustrate the exclusionary rule (see People v Bigelow, 66 NY2d 417, 427). Accordingly, the Supreme Court properly granted the defendant's motion to suppress physical evidence and his statements to law enforcement officials.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court