People v Etienne (2025 NY Slip Op 00979)

People v Etienne

2025 NY Slip Op 00979

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-06829
 (Ind. No. 72761/21)

[*1]The People of the State of New York, respondent,
v
Jerry Etienne, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heidi C. Cesare, J.), rendered August 8, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and to suppress physical evidence obtained in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, criminal possession of a firearm based upon the recovery by the police of a revolver during the execution of a search warrant. The defendant filed an omnibus motion, among other things, to controvert the search warrant and to suppress the physical evidence seized in the execution thereof. The Supreme Court denied those branches of the defendant's omnibus motion. The defendant thereafter pleaded guilty to criminal possession of a firearm.
We decline to grant the defendant's request to direct the disclosure of the unredacted search warrant application and minutes of an examination pursuant to CPL 690.40(1) because the Supreme Court properly determined that "the redactions to the search warrant application and . . . minutes were necessary to protect the anonymity of the confidential informant and to protect him or her from danger" (People v Hedrington, 186 AD3d 1245, 1245-1246; see People v Fraser, 210 AD3d 697, 698).
Further, upon a review of the unredacted search warrant application and hearing minutes, we conclude that the Supreme Court properly denied those branches of the defendant's omnibus motion which were to controvert the search warrant and to suppress the physical evidence seized in the execution thereof (see People v Fraser, 210 AD3d at 698). "To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Murray, 136 AD3d 714, 714 [internal quotation marks omitted]; see People v Boothe, 188 AD3d 1242, 1243). Here, there was probable cause to issue the subject search warrant (see People v Fraser, 210 AD3d at 698; People v Rose, 207 AD3d 664, 665; People v Bryant, 195 AD3d 744, 745). Moreover, the information [*2]provided to the judge who issued the warrant was sufficient to justify a no-knock provision in the warrant (see CPL 690.35[4][b]; People v Rose, 207 AD3d at 665; People v Israel, 161 AD2d 730, 731; People v Garzia, 56 AD2d 635).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court