People v Bracy (2026 NY Slip Op 50205(U))

[*1]

People v Bracy (Robert)

2026 NY Slip Op 50205(U)

Decided on January 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 30, 2026
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-512 Q CR

The People of the State of New York, Appellant,
againstRobert Bracy, Respondent. 

Queens County District Attorney (Johnnette Traill, Charles T. Pollak and Corey Reisman of counsel), for appellant.
The Legal Aid Society (Hannah Gladstein of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Wanda L. Licitra, J.), dated February 5, 2024. The order granted the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds based upon a finding that the People's certificate of compliance was invalid due to the People's alleged failure to turn over material discoverable under CPL 245.20 (1) (p).

ORDERED that the order is reversed, on the law, the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds based upon a finding that the People's certificate of compliance was invalid due to the People's alleged failure to turn over material discoverable under CPL 245.20 (1) (p) is denied, and the matter is remitted to the Criminal Court for a determination of the remaining branch of defendant's speedy trial motion and, if necessary, for a determination of the branch of defendant's motion seeking suppression.
On July 2, 2023, defendant was arraigned on an accusatory instrument charging him with two counts of petit larceny (Penal Law § 155.25) and one count of criminal possession of stolen property in the fifth degree (Penal Law § 165.40). On September 22, 2023, the People filed a statement of readiness (SOR), which included a certification pursuant to CPL 30.30 (5-a), and a certificate of compliance (COC). The COC indicated that the People had disclosed, among other items, a document listing the complainant's out-of-state arrests. For each arrest, the document identifies the arrest date, the arresting agency, the offense charged, a charge tracking number, and whether the case was "held" or "released without prosecution." The document does not specify [*2]whether the arrests resulted in convictions.
Since the most serious offense charged in the accusatory instrument is a class A misdemeanor, the People were required to be ready for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]). In November 2023, after the 90-day period had expired, defendant moved to invalidate the People's COC and, upon such invalidation, to dismiss the accusatory instrument on statutory speedy trial grounds or, in the alternative, to suppress physical evidence. Among other things, defendant argued that the COC was improper because the People had failed to timely turn over (1) a record of the complainant's convictions (see CPL 245.20 [1] [p]) and (2) video evidence (see CPL 245.20 [1] [g]). The People opposed. By order dated February 5, 2024, the Criminal Court (Wanda L. Licitra, J.) invalidated the COC for failure to turn over a record of the complainant's convictions and, upon such invalidation, dismissed the accusatory instrument on statutory speedy trial grounds.
CPL 245.20 (1) (p) requires the prosecution to disclose items "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control," including "[a] complete record of judgments of conviction for . . . all persons designated as potential prosecution witnesses." Pursuant to CPL 245.20 (2), "The prosecutor shall make a diligent, good faith effort to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control." Furthermore, if material can be obtained by subpoena duces tecum, the prosecutor is not required to obtain it (CPL 245.20 [2]).
Here, it is undisputed that a record of the complainant's out-of-state convictions, if one exists, is not "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]); the issue is whether, prior to filing their COC, the People made "a diligent, good faith effort to . . . cause [such a record] to be made available for discovery" despite the record not being in their possession, custody, or control (CPL 245.20 [2]). We find that the People satisfied this requirement by obtaining and disclosing a record of the complainant's out-of-state arrests, which provided sufficient information for defendant to obtain a conviction record by subpoena duces tecum (CPL 245.20 [2]; see People v Robbins, 206 AD3d 1069, 1072-1073 [3d Dept 2022]; cf. People v Heverly, 224 AD3d 1243, 1247 [4th Dept 2024]; People v Rahman, 79 Misc 3d 129[A], 2023 NY Slip Op 50692[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]).
In any event, assuming, arguendo, that the People were obligated to turn over a record of the complainant's out-of-state convictions as the Criminal Court found, the People's failure to do so did not invalidate their COC because "the People met their burden of establishing that they had 'exercise[d] due diligence and made reasonable inquiries prior to filing the [COC] despite a belated or missing disclosure' " (People v Odusanya, 235 AD3d 1299, 1301 [4th Dept 2025], quoting People v Bay, 41 NY3d 200, 213 [2023]; see People v Jawad, 84 Misc 3d 31, 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).[FN1]

"[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, 41 NY3d at 211, quoting CPL 245.50 [1]). "Although the statute nowhere defines 'due diligence,' it is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (People v Bay, 41 NY3d at 211, quoting People v Bolden, 81 NY2d 146, 155 [1993]). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (People v Bay, 41 NY3d at 212). "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.).

Here, "[e]ven though the underlying case was not particularly complex, which cuts against a finding of due diligence, most of the other remaining factors, when considered as part of a 'holistic assessment,' 'rather than a strict item-by-item test,' support the conclusion that the People exercised due diligence" prior to filing the COC (People v McMahon, 237 AD3d 746, 751 [2d Dept 2025], quoting People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]). The People made substantial efforts to comply with their discovery obligations under CPL article 245 and turned over a considerable volume of material, including, among other items, a 911 call, radio run, Sprint report, and associated metadata; body-worn camera videos and associated metadata for three law enforcement officers; a Law Enforcement Officer as Witness letter (commonly referred to as a LEOW letter) and a Civilian Complaint Review Board document for the arresting officer; activity logs for four officers; arrest and complaint reports; arrest photographs; stolen property reports; and property vouchers. Moreover, the People's explanation for the discovery lapse—that they did not believe they were required to turn over a record of the complainant's out-of-state convictions, if one exists, because this material was not in their possession, custody, or control and was equally available to defendant—was reasonable in light of the language in CPL 245.20 (1) limiting the People's disclosure obligations to material "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" and in CPL 245.20 (2) that the prosecutor is not required to obtain material if it is obtainable by the defense with a subpoena duces tecum (see People v Jawad, 84 Misc 3d at 36).

Consequently, the Criminal Court should not have dismissed the accusatory instrument based on its finding that the People's COC was invalid for their failure to turn over a record of the complainant's out-of-state convictions (see People v Henderson, 237 AD3d 853, 855 [2d [*3]Dept 2025]; People v Lawrence, 231 AD3d 1497, 1500-1501 [4th Dept 2024]; cf. People v Mitchell, 228 AD3d 1250, 1256-1257 [4th Dept 2024]). We do not reach the issue of whether the COC should have been invalidated based upon the People's alleged failure to turn over video evidence (see CPL 245.20 [1] [g]), as the Criminal Court did not reach this issue (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]). We therefore remit the matter to the Criminal Court to determine this branch of defendant's speedy trial motion and, if necessary, the branch of defendant's motion seeking suppression.

Accordingly, the order is reversed, the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds based upon a finding that the People's certificate of compliance was invalid due to the People's alleged failure to turn over material discoverable under CPL 245.20 (1) (p) is denied, and the matter is remitted to the Criminal Court for a determination of the remaining branch of defendant's speedy trial motion and, if necessary, for a determination of the branch of defendant's motion seeking suppression.

TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: January 30, 2026

Footnotes

Footnote 1: Contrary to defendant's contention, this issue is preserved for appellate review, since the Criminal Court expressly decided it (see CPL 470.05 [2]; People v Rivera, 210 AD3d 805, 806 [2d Dept 2022]; People v Mateo, 148 AD3d 727, 728 [2d Dept 2017]; cf. People v Miller, 212 AD3d 735, 736 [2d Dept 2023]).