People v El

2026 NY Slip Op 02415

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Iraef El, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2020-01859, (Ind. No. 6198/17)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sharen D. Hudson, J., at plea; Vincent Del Giudice, J., at sentence), rendered September 4, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (John T. Hecht, J.), without a hearing, of those branches of the defendant's omnibus motion which were, in effect, to controvert a search warrant and to suppress physical evidence obtained in the execution thereof.

ORDERED that the judgment is affirmed.

After the issuance of a search warrant based upon information obtained by a confidential informant, the police recovered three loaded firearms in the defendant's home. The defendant moved, inter alia, in effect, to controvert the search warrant and to suppress physical evidence seized in the execution thereof. The Supreme Court, among other things, denied those branches of the defendant's omnibus motion. The defendant thereafter entered a plea of guilty to criminal possession of a weapon in the second degree and was sentenced to a term of imprisonment. The defendant appeals.

We decline to grant the defendant's request to direct the disclosure of the unredacted search warrant application and minutes of an examination pursuant to CPL 690.40(1) because the Supreme Court properly found that "the redactions to the search warrant application and . . . minutes were necessary to protect the anonymity of the confidential informant and to protect him or her from danger" (People v Hedrington, 186 AD3d 1245, 1245-1246; see People v Etienne, 235 AD3d 894, 894).

Moreover, upon a review of the unredacted search warrant application and hearing minutes, we conclude that the Supreme Court properly denied those branches of the defendant's omnibus motion which were, in effect, to controvert the search warrant and to suppress physical evidence seized in the execution thereof. "A search warrant must be supported by probable cause" (People v Lexune, 236 AD3d 1060, 1061; see CPL 690.40). To establish probable cause, "[t]he search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" [*2](People v Rivera, 210 AD3d 805, 806 [internal quotation marks omitted]). Here, there was probable cause to issue the subject search warrant (see People v Fraser, 210 AD3d 697, 698; People v Rose, 207 AD3d 664, 665; People v Bryant, 195 AD3d 744, 745).

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court